UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANTWAN MAURICE LEWIS, | ) |
| | ) |
| Petitioner, | ) Case No. CV 12-10517-RGK(AJW) |
| | ) |
| vs. | ) |
| | ) |
| M.E. SPEARMAN, Warden, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| | ) |
| Respondent. | ) |

    Petitioner was convicted of five counts of second degree robbery.[1] He admitted suffering a prior felony conviction. Petitioner was sentenced to state prison for a term of 66 years and four months.

    The California Court of Appeal affirmed petitioner's conviction and sentence on October 19, 2006. On January 3, 2007, the California Supreme Court denied petitioner's petition for review.

    In 2008, petitioner filed a habeas petition in this Court. Case No. CV 08-799-RGK(AJW). The petition was denied on the merits on June 4, 2009.

---

[1] Some of the following facts are obtained from the Court's files concerning petitioner's prior petitions. The Court takes judicial notice of such official court files. See Fed. R. Civ. P. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

In this second petition, filed on December 10, 2012, petitioner seeks permission to file a second petition challenging the validity of the same state conviction and sentence. [Petition at 1-2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition meets the requirements permitting a petitioner to file a second or successive petition. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

///
///
///
///
///

2

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**It is so ordered.**

Dated: January 3, 2013

*/s/ Gary Klausner*

R. Gary Klausner
United States District Judge

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION
```

ANTWAN MAURICE LEWIS,              )
                                   )
            Petitioner,            )  Case No.  CV 12-10517-RGK(AJW)
                                   )
vs.                                )
                                   )
M.E. SPEARMAN, Warden,             )  JUDGMENT
                                   )
            Respondent.            )
_____)

    It is hereby adjudged that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: _____

                                                _____
                                                R. Gary Klausner
                                                United States District Judge